Case: 1:21-cv- 1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SUSAN SELTZER, (Pro Se)

Plaintiff

v.

**MICHAEL LIEDER**
MEHRI & SKALET, PLLC
2000 K. Street, NW
Suite 325
Washington, DC 20006
mlieder@findjustice.com

v.

**MAURICE W. O'BRIEN**
Miller, O'Brien, and Jensen
120 S. 6th Street, Suite 2400
Minneapolis, MN 55402

v.

**AMERIPRISE** (formerly American Express Financial Advisors, Inc AEFA)
**Attorney of Record: CREIGHTON R. MAGID**
DORSEY & WHITNEY LLP
11401 New York Avenue, NW
Suite 900
Washington, DC 20005

v.

**EDWARD B. MAGARIAN**
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

**RALPH A. TAYLOR, JR**
ARENT FOX, LLP
1717 K. Street, NW
Washington, DC 2006-5344

Case: 1:22-cv-00329
Assigned To : Cobb, Jia M.
Assign. Date : 2/2/2022
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT

Before the Court is a complaint where the conduct of the Defendants caused the Court not to perform in the usual manner in its impartial task of adjudging cases. Plaintiff could never again obtain employment in the financial services industry due to the improper enjoinment of her NASD Claim 03-02699, by the Court in *Kosen et al*, Doc 40. Plaintiff did not discover the cause of the injury, a "fraud on the court" until January 21, 2022. The statute of limitations for fraud on the court has not yet expired since Plaintiff discovered the fraud on the court on January 21, 2022. All defendants made material misrepresentations to the Court in 2004. All defendants were aware of the falsity of the statements; misleading representations to the Court that Plaintiff had notice of the Motion to enjoin NASD 03-02699, had responded to the Court to the Motion, and would receive notice of the enjoinment. All defendants engaged in the intent to deceive the Court, with scienter, that Plaintiff was represented by Counsel and had full knowledge of the Motion, Oral Conferences, and final Order to Enjoin. Plaintiff had no notice from the Court on the enjoinment of NASD Arbitration 03-02699, due to (1) Defendants' failure to file a Motion to withdraw as Plaintiff's counsel and (2) Ameriprise and Dorsey & Whitney ("Dorsey") misled the Court that Plaintiff had received all the Motions and Orders and filed a response on behalf of Plaintiff to mislead the Court in Doc. 39, *Kosen et al*. Plaintiff was harmed, significantly through defendants' actions and reliance on counsel, defendants Lieder and O'Brien.

## INTRODUCTION

1. January 21, 2022, Plaintiff viewed the United States District Court of the District of Columbia website and saw listed under multiple proposed rule changes, a definition of

LCvR 83.6 (3). "An attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case."

2. This Rule, LCvR 83.6(3) explained to Plaintiff why she had never received notice to Ameriprise's Motion to enjoin her NASD Arbitration January 23, 2004 (*Kosen et al*, Doc 35).

3. This Rule, LCvR 83.6(3) explained to Plaintiff why she had never received notice from the Court (*Kosen et al*, Doc 40) that Judge Kennedy had enjoined her NASD Arbitration on March 7, 2004, by Order.

4. This Rule, LCvR 83.6(3) explained to Plaintiff why she had never received ECF notice from the Court on January 13, 2022, that her Motions to seal her social security number, her Motions to reopen *Kosen et al* to recoup damages for never being able to work again in the financial services industry and improper enjoinment of her NASD Arbitration, were not served on her by the ECF minute notice of January 13, 2022.

5. This Rule, LCvR. 83.8(3) explained to Plaintiff that Defendants, Lieder and O'Brien, had misled Plaintiff when she was asked by Ameriprise in August 2020, if Ameriprise could contact her counsel, Bill O'Brien for assistance in sealing Plaintiff's Social Security number in *Kosen et al*.

6. Plaintiff informed Ameriprise that O'Brien had already told Plaintiff to contact the Clerk of Court in August 2020. But it is Plaintiff's understanding that Ameriprise went ahead and contacted O'Brien.

7. Plaintiff Seltzer asked Michael Lieder for representation in August 2020. He refused and wrote to the Court in *Kosen et al*, Doc 61, Page one, "As explained below, I do not believe that I have standing to respond on behalf of any party in that case. But if the Court desires a

response from me as one of the lawyers who represented Ms. Seltzer, the other 16 named plaintiffs, and the two certified classes in *Kosen*, I do not object to the sealing of the Subject Documents …"

8. Michael Lieder *is* the attorney of record for Plaintiff. He has the standing and has exacerbated the situation and injury since August 2020. He still has not filed a Motion to withdraw with the Court as Plaintiff's Counsel of record in accordance with LCvR 83.6(3).

9. Michael Lieder, responded to the Court, Doc 61, "Ms. Seltzer was not an original plaintiff but joined the case as one of the 17 named plaintiffs. I was one of the S&L lawyers who worked on the case for plaintiffs and the classes, although I had a relatively minor role and have little memory of the litigation." Mr. Lieder is aware that Plaintiff Seltzer was one of the original four Plaintiffs as stated in the Consent Decree, as approved by Judge Kennedy in April 2002. Mr. Lieder was Counsel of record in 2002 and in 2004 when he received all the ECF filings, causing injury to his client. Mr. Lieder had email exchanges directly with Plaintiff concerning the harm in 2003 with the U-5.

10. Michael Lieder is the attorney of record for Plaintiff in *Kosen et al*. He has not submitted a Motion to the Court to withdraw. He had an ongoing obligation to remove himself by Motion to the Court, as Anna Thoresen did and as approved by the Court by Minute Order in *Kosen et al*, on January 13, 2022.

11. Michael Lieder, despite being Plaintiff's Counsel, refuses to protect Plaintiff's interests and wrote to the Court, Doc 61, "The Consent Decree expired many years ago. As a result, the classes no longer exist. Ms. Seltzer has not retained me to represent her in this matter. I do not have a copy of the retainer agreement that I assume Ms. Seltzer signed with S&L and co-

counsel in *Kosen*, but I am confident that the agreement would not extend to representing her now, many years after the Consent Decree expired."

12. Michael Lieder is approved to practice law in the United States District Court of the District of Columbia. He is Plaintiff's attorney of record. He knows the rules and had an obligation in 2004, and now has in 2021 and in 2022, an obligation to inform Plaintiff Seltzer that she cannot file Pro Se, unless and until the DC Court approves his Motion to withdraw as Plaintiff's Counsel. Plaintiff cannot take that action.

13. At no point did Class Counsel, Lieder or O'Brien represent to Plaintiff that they would remove their names in a Motion to the Court, so that she could proceed Pro Se and seal the record and request damages for the harm.

14. All defendants had a duty to disclose this material misrepresentation in 2004; it was consciously false and used to mislead both the Court and Plaintiff. All parties acted recklessly, with scienter, knowing Plaintiff had not filed a reply in Opposition to a Motion to Enjoin in Doc 39, *Kosen et al*, and consciously misled the Court and harmed Plaintiff.

15. Plaintiff was further harmed by Lieder and O'Brien through their ongoing fiduciary relationship in 2004. They engaged in constructive fraud.

16. All defendants misled the Court in the Consent Decree that all parties were properly represented by very experienced counsel. Lieder and O'Brien were experienced in employment and class action law; but had no experience in securities law.

17. Plaintiff reasonably relied on Lieder and O'Brien; that they were protecting her interests. With no knowledge of the proceedings in Federal Court, Plaintiff relied on the NASD's final order, that her Claims were dismissed before the NASD Panel.

18. Class Counsel wasted Plaintiff's time and the Court's time by the ongoing violation of DC Rule LCvR 83.8(3) until January 13, 2022, by not informing Plaintiff of the truth and providing the representation Plaintiff was due until the fiduciary relationship had ended through proper Motion and Order before the Court.

## PARTIES

19. **Maurice W. "Bill" O'Brien**, Miller, O'Brien, and Jensen is a resident of Minnesota and a practicing employment lawyer. He was introduced to Plaintiff by Shelly Kosen, in 1999, one of the original four plaintiffs in *Kosen et al*. O'Brien signed a retainer with the four named plaintiffs, specifically requesting a reluctant Plaintiff Seltzer participate in a proposed Class due to her over 15 years in the industry; who O'Brien believed had suffered the most harm from defendant AEFA's failure to place her in a position based on her years of experience. Bill O'Brien intervened when AEFA told Plaintiff Seltzer to leave the workplace. When Plaintiff returned home, she had a message on her "machine", resign or we will code your U-5 "problems with clients", a categorically false statement. Despite Plaintiff's concerns with the U-5, O'Brien told Plaintiff not to resign. The coding of Plaintiff's U-5 became a "major stumbling block in the class negotiations"; O'Brien had wanted to "carve out" a retaliation case and obtain appropriate damages for the retaliatory firing and severe emotional harm done, after "Dorsey" met with Plaintiff's co-workers. Plaintiff had been so abused, suffering extensive PTSD and psychotic episodes, her psychiatrist ordered her not to participate in any individual suit. Bill O'Brien engaged Sprenger & Lang to run the "Class" and associated legal requirements as an experienced Class Action firm. The issues with the U-5 were a direct result of O'Brien instructing her not to resign. O'Brien told her AEFA would take care of her if she agreed to "Other" on her U-5. O'Brien essentially ordered her to agree to

"Other" for the interest of the Class. Plaintiff had several job offers and went to O'Brien in 2002 and 2003 asking for the promised references. Plaintiff had a right to resolve this matter when Lieder and O'Brien told her she must correct the errors and misleading statements herself; they were not securities lawyers. "You must find a securities lawyer." 2003 was too late to represent to a named Plaintiff that she must find a securities lawyer after representing from 1999 to 2003 they could and would take care of her interests and those of the Class.

20. **Michael D. Lieder,** Mehri & Skalet, PLLC. Michael Lieder is the Plaintiff's attorney in *Kosen et al*. Prior to joining Mehri & Skalet, Michael was a partner, and a member of Sprenger & Lang, PLLC for 21 years. He was the counsel of record in 2004, along with Bill O'Brien, when Ameriprise and Dorsey & Whitney filed the Motion to Enjoin Plaintiff's NASD Arbitration. He had significant correspondence with Plaintiff about the Arbitration and ongoing issues with the U-5 harming Plaintiff in 2003-2004.

21. **Ameriprise**, formerly American Express Financial Advisors, is the principal defendant in *Kosen et al*. Ameriprise permitted FINRA rule violations by allowing Plaintiff's U-4 and U-5 to be filed in public court; FINRA prohibits such public publication. Ameriprise permitted Plaintiff's EEOC Complaint to be filed in violation of confidentiality in mediation in *Kosen et al* and the Privacy Act of 1974 assurances to Plaintiff Seltzer when she completed the form. Ameriprise filed conflicting information in *Kosen et al*, after the Consent Decree was agreed to, concerning Plaintiff's reason for termination that had already been filed with NASD and refused to correct numerous defamatory errors on Plaintiff's two U-5's to enable re-employment in the financial services industry.

22. **EDWARD B. MAGARIAN,** Dorsey & Whitney Partner, Minneapolis, filed the Motion to Enjoin NASD 03-02699 and Proposed Order in Doc. 39, *Kosen et al*, misrepresenting to the Court that Plaintiff had responded to the Motion to Enjoin and was not represented by Counsel, despite Court record stating she was. Edward B. Magarian filed the false and defamatory statement concerning Plaintiff's termination in *Kosen et al*, along with the improper publishing of Plaintiff's EEOC Complaint. Plaintiff had advised her counsel in writing that Plaintiff had been severely harmed in the workplace after Dorsey & Whitney met with all her co-workers, *after* the EEOC Complaint was filed by Plaintiff. The extensive emotional abuse in the workplace by Plaintiff's male co-workers began immediately, after "Dorsey" met with co-workers, causing significant emotional harm to Plaintiff Seltzer.

23. **Ralph A. Taylor,** Arent Fox, LLP filed the Motion to Enjoin NASD 03-02699 and Proposed Order in Doc. 39, Kosen et al, misrepresenting to the Court that Plaintiff had responded to the Motion to Enjoin and was not represented by Counsel, despite the Court record stating that she was.

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that there is diversity between the parties to this litigation and the amount in controversy exceeds $75,000. Defendant Maurice W. O'Brien resides in the State of Minnesota. Defendant Ameriprise's principal place of business is in Minnesota. Defendant Edward B. Magarian resides in Minnesota. Defendants Michael Lieder and Ralph Taylor reside in the District of Columbia and are subject to the Court's jurisdiction. This Case comes before the Court due to fraud on the Court, in 2004 and derives from *Kosen et al* which concerned federal questions. Venue is proper in this District under 28 U.S.C. §1391 as the claims derived from a Federal question.

## FACTUAL ALLEGATIONS

24. Defendants Michael Lieder and William O'Brien, failed to notify the Court when Ameriprise filed their Motion to Enjoin NASD 03-02699 Arbitration, that they were not representing Plaintiff Seltzer. In violation of LCvR 83.6 (3) neither Michael Lieder nor Bill O'Brien filed a Motion to obtain approval from the Court to withdraw their appearance of Plaintiff Seltzer.

25. Defendant O'Brien was in constant email communication during the period when Defendant Ameriprise and Dorsey filed the Motion to enjoin the Arbitration, but never mentioned any of the filings in the DC Court to Plaintiff.

26. Ameriprise moved to dismiss the Arbitration before the NASD Panel. The Panel denied the Motion to Dismiss on February 27, 2004. Ameriprise then moved to enjoin the Motion with the DC Court, knowing that violated FAA rules.

27. January 23, 2004, AEFA filed a Motion to enjoin NASD 03-02699 in United States District Court of the District of Columbia, *Kosen et al* (Doc 35). Plaintiff never received this Motion to Enjoin. There is no Certificate of Service, certification, that Ameriprise filed this Motion on Plaintiff Seltzer, despite her name on the Service List.

28. Plaintiff's attorney of record, in 2004, defendants Michael Lieder and Bill O'Brien, received the Motion to enjoin the Arbitration, by ECF on January 23, 2004, but never notified their client, Plaintiff, of the Motion or the Oral Conference that Defendant, Ameriprise had scheduled with the Court. Plaintiff was in frequent communication with her Counsel, Bill O'Brien about the NASD 03-02069; O'Brien never mentioned any of the filings he was receiving in *Kosen et al*, Docs 35 up to finality in Doc 40, with the Order to enjoin.

29. The Consent Decree was active in 2004 when Defendants engaged in the fraud on the court, causing lasting and ongoing injury to Plaintiff. Defendants Ameriprise and Counsel, Magarian, were communicating regularly with Plaintiff's counsel. Ameriprise, Magarian and Taylor were aware the Court had not been notified that the Court was being misled and that they were working with Plaintiff's Counsel to testify in the Arbitration, who was not informing Plaintiff or representing her in Court; despite leading the Court believe that O'Brien and Lieder were representing her.

30. Plaintiff only knew of the Motion filed by Ameriprise on January 23, 2004, to enjoin the Arbitration, since Ameriprise told the NASD Panel, they were going to file this Motion in District Court. Plaintiff wrote her Counsel, Bill O'Brien, on February 19, 2004, "I am in over my head and just got to reading the Faegre and Benson Motion served on you. I have withdrawn the retaliation claim, with NASD, since I signed the Release. I wrote to the Judge to let him know that and copied you. Can you explain Paragraph 6 of the Release, specifically, can AMEX sue me for filing this Arbitration, take my Award and impact the settlement for the Class? Please let me know if this arbitration is causing any issues."

31. March 1, 2004, Ameriprise, filed in *Kosen et al*, Doc 39, "Seltzer's" Reply to Opposition to Motion" (Motion in Doc 35). Defendants Ameriprise, Edward Margarin, and Ralph Taylor, filed on Plaintiff's behalf, a document falsely representing to the Court that the document was her opposition to the Motion to Enjoin the Arbitration that she had never been served and was not aware of.

32. The Court mandates that all Pro Se parties receive a "Fox Notice" to alert them that if they do not respond to a motion within the prescribed period, that the Case may be dismissed. Plaintiff never received the "Fox Notice" since, as all parties to this case are and were aware,

Plaintiff was represented by Counsel, Bill O'Brien, and Michael Lieder. Plaintiff was not Pro Se. O'Brien and Lieder represented Plaintiff and received all the ECF filings in *Kosen et al* from January 2004 until March 7, 2004.

33. O'Brien and Lieder did not withdraw as Plaintiff's counsel, in accordance with LCvR 83.6(3) and thus the Court had no knowledge that Plaintiff was Pro Se in NASD 03-02699.

34. Plaintiff wrote her Counsel, on March 3, 2004, "I spoke with NASD this afternoon. The NASD arbitrators are empowered to issue "orders of appearance" or subpoenas, but he described it as a limited power." Bill O'Brien responded to Plaintiff, on Wednesday, March 3, 2004, at 3:48 PM, "Thanks for the tip, Susan. We will see what happens." Bill O'Brien was aware when he wrote this email that Defendants had served a Reply to Opposition to Motion, Doc 35 on March 1, 2004. He did not inform her of that filing.

35. Neither O'Brien nor Lieder informed their client, Plaintiff, about the false representation by Defendants to the Court; that Plaintiff had *not* responded to a reply to Opposition to the Motion, as misrepresented in Doc. 39, *Kosen*. O'Brien misled his Client, Plaintiff, and he let Defendants, Dorsey and Ameriprise mislead the Court, with full knowledge of the fraud that was transpiring. Bill O'Brien had a duty to inform the Court that Counsel, Bill O'Brien was not representing Plaintiff, nor was Michael Lieder, who was also updated through ECF with all the misrepresentative filings to the Court from January 2004 to March 7, 2004, when Judge Kennedy ordered the NASD 03-02699 enjoinment.

36. Defendant, Ameriprise, Edward Margarin, filed Plaintiff's EEOC Complaint, unredacted. *Kosen et al* Doc 35-1. This form is subject to the Privacy Act of 1974 and was provided to Ameriprise in a confidential mediation by Class Counsel in violation of LCvR 84.9, Stipulation of Confidentiality.

37. Plaintiff's counsel, Lieder and O'Brien never informed Plaintiff that her EEOC complaint, subject to Privacy Act of 1974, exchanged in a confidential mediation, was filed unsealed by Ameriprise and Dorsey.

38. Ameriprise filed Plaintiffs U-4 and U-5 without redaction of Plaintiff's private data (social security number, birth date, maiden name) on 18 separate pages, on *Kosen et al* without Plaintiff's knowledge. Plaintiff does not cite the exact pages and docket for identity theft issues.

39. Class Counsel, Bill O'Brien and Michael Lieder never informed Plaintiff Seltzer that her unredacted U-4 and U-5 and EEOC complaint had been filed maliciously by Ameriprise, despite having repeated notice to the filings harming their client, through ECF, as Plaintiff's Counsel of record.

40. Ameriprise filed false statements in *Kosen et al,* Doc 35-1 that conflicted directly with the Consent Decree, Doc 4-1, signed by Judge Kennedy on April 16, 2002, that was based on the Complaint, *Kosen et al*, Doc 1, Page 16, agreed to by all Parties in mediation and approved by Judge Kennedy. It was agreed in Mediation and in accordance with FINRA rules for Termination a reason must be provided. #44. Page 16, "Plaintiff Seltzer was retaliated against for filing EEOC charges…. She was terminated after being accused by the human resources representative for staying with the company for in "order to trap us." Ameriprise changed the reason for Plaintiff's termination to fired for "inappropriate behavior", undefined, with no notice to Plaintiff Seltzer in *Kosen et al*, Doc. 35-1. Again, Plaintiff's Counsel, was provided this filing, harming their client, did not respond and act on behalf of their client.

41. Defendants Ameriprise and Ed Magarian, Dorsey, exacerbated the defamation prohibiting reemployment by filing false statements under Oath concerning new reasons for Plaintiff's termination, "inappropriate behavior". Portions of these statements were made under Oath by Magarian. He has lost his immunity for "litigation privilege" when false statements were made under Oath.

42. Defendant Dorsey & Whitney Partner, Shawn Larsen-Bright, then used the defamatory information, "fired for inappropriate behavior" filed by Ameriprise and his Partner, Magarian, in another proceeding, FINRA Arb 17-01857, with full knowledge that Plaintiff had no ability to respond to the new defamatory comment, since Counsel O'Brien and Lieder represented to the Court, they were Plaintiff's attorney of record; but were working with Ameriprise and Dorsey.

43. August 24, 2020, Plaintiff wrote to her Counsel, Bill O'Brien, after she saw for the first time, through Courtlistener.com[1] tagged to her name in a Google Search, her unredacted U-4 and U-5's exposing her social security number and birth date. O'Brien told Plaintiff to contact the Clerk of Court to get the documents sealed. Plaintiff now understands why the Clerk of Court did not respond to Plaintiff. She was represented by Counsel.

44. In addition to loss of employment in the financial services industry; such conduct caused significant injury to Plaintiff; defamation, identity theft and embarrassment and harm to reputation, professional and personal, through the reckless publication of an EEOC complaint, filed under Privacy Act of 1974. After Plaintiff left her position at a non-profit, in

---

[1]

www.courtlistener.com › docket › kosen-v-american-ex...
KOSEN v. AMERICAN EXPRESS FINANCIAL ADVISORS INC ...
Jan 17, 2002 - ... Minneapolis, MN 55402; (612) 333-5831 by ELIZABETH BRADLER, ...
Consent Decree as to **Susan Seltzer** filed by AMERICAN EXPRESS ...

2007, to care for a dying family member, Plaintiff could never obtain employment again with any employer. Plaintiff believes the publication of defamation, "fired for inappropriate behavior" blocked her ability to gain employment from 2007 to present. Plaintiff had multiple interviews with many firms, with promises of employment. After a background check, the hiring firm became silent. This process happened repeatedly.

45. Further, Defendant Ameriprise, violated FINRA rules in publishing an individual's U-4 and U-5 that included 18 pages of unredacted social security number, birth date and maiden name causing over 17 years of potential and real identity theft. The injury is ongoing.

46. The fraud on the court was caused by both Defendants Ameriprise, Dorsey & Whitney, and Ralph Taylor, combined with Plaintiff's Counsel, Bill O'Brien, and Michael Lieder. They worked together to conceal the fraud from the Court that resulted in the improper enjoinment of NASD Arbitration 03-02699, prohibiting Plaintiff from obtaining reemployment from 2007 to present.

47. The injury will be ongoing unless the fraud on the court is corrected, and damages awarded to Plaintiff to mitigate the injury that changed the course of her life; a fact that both parties concealed and was not discovered until January 21, 2022. After 17 years, Defendant Dorsey and Whitney chose to use the defamation from *Kosen,* Doc 31-1, filed by Edward Magarian. Plaintiff has no assurances that Dorsey and Ameriprise will not use the defamation and unsealed private data in another manner without Court intervention to protect Plaintiff from further harm.

48. Plaintiff is entitled to loss of income due to the fraud on the Court and inability to become re-employed in her field of expertise and then again in 2007 to present due to the reckless

defamatory statement by Ameriprise, she was fired for "inappropriate behavior"; that was not defined. That is as malicious as one defamatory statement could be.

49. Plaintiff requests punitive damages due to the suffered injury and has demonstrated through convincing evidence that the harm was aggravated by all defendants' egregious conduct. It was maliciousness, a gross fraud, and a willful disregard of Plaintiff's rights.

50. An Order to undo the fraud and improper enjoining is too late. After 17 years of concealment, with scienter, by all defendants, the overturning of the improper order will not rectify the injury. Monetary damages after so much time has elapsed to restore the monetary harm caused to Plaintiff is the only fair and just practice for the misrepresentations to the Court by all defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment and enter an award of not less than $10,900,000 and judgment in its favor, as follows:

a. Compensatory damages in the amount of Average salary offered in 2003 is used in this calculation and as referenced in the NASD Complaint filed by Ahna Thoresen in Docket 35-2, Page 64, for positions not obtained at SC Bernstein or Leuthold Group, etc. due to U-5 and administrative issues with U-4 and U-5; that were never resolved due to improper enjoinment of NASD 03-02699: $200,000 X 17 years: $3,400,000

b. Punitive damages in the amount of $7,500,000 in accordance with standard amounts provided to U-5 defamation practices by an employer.[2]

---

a. [2] In accordance with standard practice by FINRA Arbitration Panels, Plaintiff believes this is a fair and just guide; punitive damages are the norm for a broker that is defamed by an employer. Plaintiff is entitled to the same relief as

    c. Sealing of Plaintiff's EEOC Complaint and U-4 and U-5 in the manner the Court deems within Court guidelines.

    d. Plaintiff is Pro Se and reserves the right to amend her pleadings in accordance with the Federal Rules of Civil Procedure. Plaintiff anticipates amending her pleadings as more information becomes available, including the full scope of defamatory statements Defendants have made.

    e. Granting such other further relief as this Court deems just and proper.

Respectfully submitted this 31ˢᵗ day of January 2022,

/s/ *[signature]*

Susan Seltzer

Pro Se, Plaintiff

Seltzers1971@gmail.com

---

    current standards for defamation of a broker. FINRA Arbitration #18-02179 for defamation on a U-5 for *two* years inability to be employed was $7,500,000. (This amount has been upheld in recent Court appeals) Plaintiff had defamation occur for over *seventeen* years and is still injured.)

  b. *Munizzi v. UBS Fin. Servs.*, 2021 Ill. App. 201237 (Ill. App. Ct. 2021)

## CERTIFICATE OF SERVICE

On January 31, 2022, I hereby certify that I submitted the foregoing Complaint with the clerk of court by FED EX, for the United States District Court for the District of Columbia, along with the Civil form, Summons for each defendant and Related Case Forms. I hereby certify that I have served by FED EX Defendant, Michael Lieder, Defendant Ameriprise, Ameriprise's Counsel, Creighton R. Magid, Plaintiff's attorney of record, Defendants Ralph A. Taylor, Maurice W. O'Brien, and Edward B. Magarian the Complaint, summons, civil filing and related case forms to the addresses below.

/s/ *[signature]*
Susan Seltzer PRO SE, Plaintiff

Service List

CLERK OF COURT (FED EX)
United States District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 2001
Room 1225

Michael Lieder (by Fed Ex)
MEHRI & SKALET, PLLC
2000 K. Street, N.W. Suite 325
Washington D. C. 20006

Maurice W. O'Brien (by FED EX)
Miller, O'Brien, and Jensen
120 S. 6th Street, Suite 2400
Minneapolis, MN 55402
612 333-5831

Creighton R. Magid (by FED EX)
Attorney of Record, Ameriprise
DOSREY & WHITNEY LLP
1401 New York Avenue, NW
Suite 900
Washington DC 20005

AMERIPRISE (by FED EX)
5222 Ameriprise Financial Center,
Routing H27-5222 MS 3
Minneapolis, MN 55474
ATTN: Lisa Lewis, Employment Law

Edward B. Magarian (by FED EX)
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Ralph A. Taylor, Jr. (by FED EX)
Arent Fox, LLP
1717 K. Street NW
Washington DC 20006