UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN SELTZER,

                Plaintiff,

      v.

MICHAEL LIEDER, et al.,

                Defendants.

Civil Action No. 1:22-cv-329 (JMC)

**MEMORANDUM OPINION**

Pro se Plaintiff Susan Seltzer sued attorneys and a corporate defendant who were involved in a class action she was a member of two decades ago.[1] Defendants moved to dismiss, ECF 12; ECF 14, and she subsequently filed a motion to amend her complaint, ECF 33. After reviewing the Parties' briefing, the Court concludes that Ms. Seltzer's complaint does not state any viable claims and is untimely. Accordingly, the Court grants Defendants' motions to dismiss. And because Ms. Seltzer's proposed amendments cannot fix her complaint's defects, the Court also denies her motion to amend, bringing this twenty-year-old dispute to an end.

**I.    BACKGROUND**

**A. Factual Background**

Back in 2002, Ms. Seltzer and sixteen other named plaintiffs sued American Express Financial Advisors and its corporate affiliates for allegedly subjecting over 4,000 women to gender discrimination between December 8, 1998, and March 20, 2002. *Kosen v. Am. Express Fin.*

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

*Advisors Inc.*, No. 1:02-cv-00082 (D.D.C.) (hereinafter *Kosen*), ECF 1; *Kosen*, ECF 15 at 2.[2] That

lawsuit settled, and the court approved the parties' proposed consent decree, also in 2002. *Kosen*,

ECF 15 at 28–29. The settlement provided for injunctive and monetary relief. *Id.* at 8. To receive

payment from the monetary fund, class members had to agree to "fully, finally and forever release

and discharge all known and [u]nknown [c]laims, rights, duties, remedies or causes of action" they

might have had prior to March 20, 2002, that related to the lawsuit. *See Kosen*, ECF 4-1 at 16;

*Kosen*, ECF 4-3 at 1. Ms. Seltzer signed a release agreeing to these terms in 2003. *Kosen*, ECF 40

at 5.

While settlement negotiations were ongoing, Ms. Seltzer was terminated from her job. *Id.*

at 4. The reason for her termination was listed as "other" on her "Form U-5" (i.e., a termination

form). *Id.* at 4–5. On April 11, 2003, Ms. Seltzer submitted a statement of claim to the National

Association of Securities Dealers (NASD) objecting to how her termination was handled. *Id.* at 6–

7. Ms. Seltzer alleged that American Express Financial Advisors—her former company and a

defendant in the *Kosen* litigation—was "liable for (1) 'blacklisting' her in the securities industry

by identifying the reason for her termination on the Form U-5 as 'other,' (2) failing to provide her

with a copy of the 1999 Form U-5 . . . within 30 days [of her termination], (3) incorrectly listing

her dates of employment [on] a NASD public disclosure website, (4) and modifying [a different

form], known as a 'Form U-4,' after she had signed and submitted it to add that she was

'unemployed' from 1988 to 1996." *Id.* The *Kosen* defendants filed a motion to enforce the consent

decree against Ms. Seltzer's NASD claims, arguing that they were barred by the release Ms. Seltzer

---

[2] The Parties dispute the facts of the *Kosen* litigation. The Court must accept as true Ms. Seltzer's allegations in resolving a motion to dismiss but can also consider matters of public record upon which the Court can take judicial notice, such as court documents from the *Kosen* litigation. *See, e.g.*, *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

had signed. *Id.* at 9. The Court agreed with the *Kosen* defendants and enjoined Ms. Seltzer's NASD claims from proceeding. *Id.* at 11.

After resolving a few other motions, the *Kosen* docket fell dormant until November 16, 2020, when, in a flurry of motions filed over several months, Ms. Seltzer asked the court to reopen the case, seal various documents already filed, and subpoena numerous organizations that had published information found on the docket. *Kosen*, ECF 59 (motion for leave to seal confidential documents); *Kosen*, ECF 64 (motion to permit plaintiff to proceed pro se); *Kosen*, ECF 68 (motion to reopen case). Ms. Seltzer alleged that the *Kosen* defendants had intentionally filed unsealed documents in retaliation for her taking legal action. *Kosen*, ECF 68 at 2. Ms. Seltzer also alleged that several defendants in this case—Ameriprise and two of its lawyers in *Kosen,* Edward Magarian and Ralph Taylor—defamed her in these unsealed filings and inhibited her ability to regain employment, thereby violating the terms of the consent decree. ECF 1 ¶¶ 21–23, 40–44.

The Court later issued a minute order denying Ms. Seltzer's motions. *Kosen*, Min. Order (Jan 13, 2022). The Court observed that it had approved the consent decree in 2002 and retained jurisdiction to enforce the decree for four years but concluded that it lacked jurisdiction to enforce it more than a decade after the decree had expired. *Id.*

## B.  Procedural Background

In this case, Ms. Seltzer has sued two attorneys, Michael Lieder and Maurice O'Brien, who represented the *Kosen* plaintiffs. *See* ECF 1. She has also sued her former employer, which had been reorganized under the name "Ameriprise," and two attorneys who represented her employer in the *Kosen* litigation (hereinafter, the "Ameriprise Defendants"). *See id.* Ms. Seltzer alleges that Defendants conspired to commit "fraud on the court." *See, e.g.*, *id.* ¶ 46. Her complaint also makes references to defamation and violations of the Privacy Act, although she uses those labels

interchangeably to describe the same conduct that forms the basis of her "fraud on the court" claim. *See generally id.* From the best that the Court can understand Ms. Seltzer's allegations, she appears to contend that the Ameriprise attorneys included her personal identifying information in unsealed filings on the public docket in the *Kosen* litigation, and made false or misrepresentative statements about her in their filings. *Id.* ¶ 31 (alleging that Ameriprise improperly filed a document purporting to be her opposition to the motion to enjoin); *id.* ¶¶ 38–39 (alleging that Ameriprise filed her unredacted U-4 and U-5, and EEOC complaint without her knowledge); *id.* ¶¶ 40–42 (alleging that Ameriprise and Mr. Magarian defamed her by making false statements about her termination).

With regards to her own attorneys, Ms. Seltzer alleges that she did not receive notice that the *Kosen* defendants had filed a motion to enjoin her NASD claims because she was represented by Defendants Lieder and O'Brien and, without notice, mischaracterizations in that motion went uncorrected. *Id.* ¶¶ 27–28, 31, 35. Ms. Seltzer seems to contend that Lieder and O'Brien should have withdrawn from the case to avoid this result and alleges that their failure to do so constituted "fraud on the court." *Id.* ¶¶ 14–15, 35. She also contends that Lieder and O'Brien failed to take corrective action after the *Kosen* defendants released her confidential information in unsealed documents. *Id.* ¶¶ 36–39.

Lieder and O'Brien moved to dismiss the claims against them. ECF 12. Ms. Seltzer responded, ECF 17, and Lieder and O'Brien replied, ECF 21. The Ameriprise Defendants also filed a motion to dismiss, ECF 14, to which Ms. Seltzer responded, ECF 18, and the Ameriprise Defendants replied, ECF 22.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all of the elements of

their claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Also, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679.

## III.   ANALYSIS

Ms. Seltzer's complaint does not state any claim upon which relief can be granted and is time barred. The Court explains below the reasons her case is dismissed and why her proposed amendments are futile.[3]

First, Ms. Seltzer's "fraud on the court" claim is not a viable cause of action. She is an individual litigant attempting to bring a civil suit for damages against Defendants. Fraud on the court is "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Such claims typically arise in the context of a party seeking to invoke the Court's equitable powers to relieve it from a final judgment or order under Federal Rule of Civil Procedure 60(b)(3). *See Edwards v. Best Buy Co.*, No. CV 19-3316, 2021 WL 4399562, at *8 (D.D.C. Sept. 27, 2021), *aff'd*, No. 20-5370, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022). Allegations that Defendants publicly filed documents that Plaintiff maintains should have been sealed, did not withdraw from representation when she thinks they should have, or even made

---

[3] Both motions to dismiss argue that Ms. Seltzer failed to establish that this Court has subject matter jurisdiction over her case because she did not provide her address to establish diversity jurisdiction. ECF 12-1 at 17–19; ECF 14-1 at 5–6. Ms. Seltzer later addressed these arguments by filing her address under seal. ECF 31. Although Ms. Seltzer's delay in filing her address might be a technical pleading error, the Court is willing to consider her late filing given the general principle that pro se pleadings should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). With Ms. Seltzer's address on record, the Court concludes that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Ms. Seltzer alleges that she is from a different state than Defendants and that the amount in controversy exceeds $75,000.

statements in court filings that she contends are false do not remotely approach such fraud against the "judicial machinery," involves only these parties, and does not provide grounds for relief to Ms. Seltzer in this damages action. *See Baltia Air Lines, Inc.*, 98 F.3d at 642–43 (recognizing that fraud on the court claims arise in "very unusual cases involving far more than an injury to a single litigant").

Indeed, Ms. Seltzer's complaint does not successfully allege any type of fraud. Filing a document without redacting it first is not fraud. Ms. Seltzer's allegations concerning her attorneys' obligations to withdraw from representation, even when construed as true, do not constitute fraud. And alleging that an opposing party included representations in a filing that a party contends are false is not enough to get you to discovery. Litigation is contentious and involves factual disputes. Those disputes, on their own, do not suggest that one of the parties committed fraud. Plaintiff's repeated references to "fraud" to characterize the allegations described above fall well short of satisfying the heightened pleading standards for such claims under Federal Rule of Civil Procedure 9(b).[4]

Second, to the extent Ms. Seltzer is seeking to litigate violations of the Privacy Act against the Ameriprise Defendants (and it is not clear to the Court whether she is seeking to bring such a claim) that cause of action is also dismissed. The Court agrees with the Ameriprise Defendants that the statute does not cover Defendants' conduct in this case. Such suits are authorized against government agencies, not individuals or this corporate defendant. *See Martinez v. Bureau of*

---

[4] The Court makes this observation about fraud generally not only to explain to Ms. Seltzer why her claims cannot proceed, but because it understands that such accusations against lawyers can have significant implications. Allegations of "fraud" should not be made loosely. Plaintiff's allegations, even if true, do not describe any fraudulent conduct by these Defendants.

*Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (recognizing that 5 U.S.C. § 552a(g)(1) authorizes suit again an "agency").

Third, Ms. Seltzer filed her complaint too late. In this jurisdiction, the statute of limitations for any fraud claim is three years. *See* D.C. Code § 12-301(a)(8) (setting three-year limitations period for any cause of action "not otherwise specifically prescribed"). Ms. Seltzer filed her complaint in 2022, alleging that Defendants "made material misrepresentations to the Court in 2004." ECF 1 at 2. Thus, she filed her complaint well after the statute of limitations for her cause of action expired.

Ms. Seltzer attempts to avoid this result by invoking the "discovery rule," an equitable consideration under which the limitations period does not begin to run until a diligent plaintiff had "actual or inquiry notice of the cause of action," here Defendants' purported misrepresentations to the Court. *Bakeir v. Cap. City Mortg. Corp.*, 926 F. Supp. 2d 320, 339 (D.D.C. 2013). She argues that she did not know, and could not have known, about Defendants' conduct until 2020, ECF 1 ¶ 43, or 2022, *see* ECF 33-4 at 4. But that claim is belied by the face of her complaint. The conduct about which she complains involves Defendants' representations, alleged misrepresentations, failure to file documents under seal, and other purported failures to act in connection with the *Kosen* litigation. Everything that Ms. Seltzer is challenging would have been obvious to her from the case docket, and thus was not hidden from her (or any other member of the public). The Court agrees with Defendants that Ms. Seltzer responded to filings and signed pleadings concerning the matters at issue, *see, e.g.*, *Kosen*, ECF 39-1; *Kosen*, ECF 41, or easily could have found out about what was happening in the case through minimal diligence long ago. Because everything about

which she complains involves matters of public record, the Court cannot excuse her near twenty-year delay in bringing this action.[5]

Finally, having dismissed Plaintiff's claims, the Court also denies her motion to amend her complaint. The Court recognizes that it should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But Ms. Seltzer's proposed amendments would be futile. The Court has reviewed her proposed amended complaint, ECF 33, and nothing in it alters the Court's conclusion that her complaint does not set forth any viable causes of action and was filed too late. Nor would giving her the opportunity for additional amendments change anything. Indeed, at this point, she has already submitted three complaints to the Court. *See* ECF 1; ECF 23; ECF 33. The Court can think of nothing more that Ms. Seltzer could add to her allegations that would remedy the defects that Defendants have identified and that are addressed in this opinion.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, ECFs 12; ECF 14, are **GRANTED**, and this case is **DISMISSED**. Further, the Court **DENIES** Ms. Seltzer's motion to amend, ECF 33. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

DATE: April 9, 2024

_____
JIA M. COBB
U.S. District Court Judge

---

[5] The Court observed earlier that Plaintiff's complaint sometimes refers to the alleged "fraud on the court" as defamation. But the Court does not understand this case to be raising a separate claim of defamation against Defendants. Defendants argue that all Ms. Seltzer's claims are untimely, and the Court would make the same finding for any defamation claim, which carries a one year statute of limitations period in this District. D.C. Code. § 12-301(a)(4). And statements made during and as part of a judicial proceeding would be privileged. *See, e.g.*, *Teltschik v. Williams & Jensen, PLLC*, 748 F.3d 1285, 1287 (D.C. Cir. 2014). While the Court does not read Plaintiff's complaint as bringing a separate defamation claim, it makes these findings out of an abundance of caution as Defendants have moved to dismiss the entirety of the case as time barred (as well as on the merits).